NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAMON VELEZ, | : | |
| | : | CIV. NO. 25-14628 (RMB) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

**IT APPEARING THAT:**

    1.    Petitioner Ramon Velez, a prisoner confined in the Federal Correctional Institution in Lompoc, California ("FCI Lompoc") submitted a letter to this Court concerning the Bureau of Prison's alleged failure to provide him with First Step Act time credit earning programs to ensure that he, as a medium-risk level inmate, has opportunities to meet his recidivism reduction and reentry needs.[1] (Dkt. No. 2.)

---

[1] 18 U.S.C. § 3632(a)(5)(A) (footnote omitted) provides:

> the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System"), which shall be used to--
> . . .
>   (5) reassign the prisoner to appropriate evidence-based recidivism reduction programs or productive activities based on the revised determination to ensure that--
>     (A) all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration; and

2. The Court construes this letter as a petition for writ of habeas corpus under 28 U.S.C. § 2241,[2] alleging the Bureau of Prisons failed to satisfy the statutory requirement under 18 U.S.C. § 3632(a)(5)(A-C). *See supra* n. 1. Jurisdiction over such claims lies within the petitioner's district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.") Petitioner is confined within the Central District of California. Therefore, this Court lacks jurisdiction over the petition.

3. As this Court lacks jurisdiction, the Court will transfer the petition, without addressing the merits of Petitioner's claim, to his district of confinement. *See* 28 U.S.C. § 1631. An appropriate order follows.

Date:  September 4, 2025

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

---

(B) to address the specific criminogenic needs of the prisoner; and
(C) all prisoners are able to successfully participate in such programs[.]

[2] 18 U.S.C. § 2241(c)(3) provides, "The writ of habeas corpus shall not extend to a prisoner unless-- … He is in custody in violation of the Constitution or laws or treaties of the United States.